## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**AUGUST TECHNOLOGY CORPORATION**,

Plaintiff,

v.

**CAMTEK LTD.**,

Defendant.

**MEMORANDUM & ORDER**

Civil No. 05-1396 (MJD/AJB)

Douglas J. Williams, Ernest W. Grumbles III, George Washington Jordan III, Rebecca A. Bortolotti, Regina V. Culbert, and Joseph Lee, Merchant & Gould P.C., Counsel for Plaintiff.

Dov H. Scherzer, Frederick L. Whitmer, Lee Goldberg, and Marni Weiss, Brown Raysman Millstein Felder & Steiner LLP, and Tara C. Norgard, Carlson Caspers Vandenburgh & Lindquist, Counsel for Defendant.

## I.    INTRODUCTION

This matter came on for hearing before the Court on November 29, 2005 on Defendant's Motion to Transfer Venue [Docket No. 11]. Defendant Camtek, Ltd., ("Camtek") seeks to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey. Plaintiff August Technology Corporation ("August") opposes Defendant's motion.

## II.    FACTUAL BACKGROUND

This matter stems from August's patent infringement suit against Camtek. August's complaint alleges that Camtek's Falcon system, which was sold in Minnesota, infringes Patent No. 6,826,298 B1 ("the '6,298 patent"). The suit was

filed in the District of Minnesota on July 14, 2005.  Camtek moved to transfer venue to the District of New Jersey on September 6, 2005.

August is a Minnesota corporation with its principal place of business in Bloomington, Minnesota.  August develops systems for inspecting semiconductor wafers for defects.  The '6,298 patent is entitled, "Automoated Wafer Inspection System and a Process of Performing such Inspection."  (Lee Decl. Ex. D.)

Camtek is a foreign company organized under the laws of Israel.  Camtek is engaged in the business of manufacturing and distributing automated optical inspection analytical equipment in the semiconductor industry to assist in carrying out quality control procedures.  Camtek's Falcon system is used for optical surface inspection of semiconductor wafers.  The Falcon system is distributed, sold, and serviced in the United States through Camtek USA.  Camtek USA is a wholly owned subsidiary of Camtek Ltd., and is a corporation organized under the laws of New Jersey.

Camtek seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a) to the District of New Jersey, where Camtek USA is located.  Camtek asserts that venue is proper in New Jersey because only one Falcon unit was sold in Minnesota and the bulk of witnesses and evidence in this case are not located in Minnesota. August asserts that Camtek has not met its burden to show this case should be transferred.

**III.   DISCUSSION**

**A.   Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997).

Initially the moving party must show that the transferee district is one where venue would be proper. 28 U.S.C. § 1391. Under 28 U.S.C. § 1391(d), a foreign corporation can be sued in patent in any federal district court. Brunette Mach. Works Ltd. v. Kockum Indus., 406 U.S. 706, 714 (1972). In this case, venue would be proper in Minnesota or New Jersey. Therefore, the only remaining question is whether Camtek has satisfied the burden of showing that the balance of section 1404(a) factors favors transferring this case.

When considering a motion to transfer, the court must consider three factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, 119 F.3d at 691. The Court's evaluation is not limited to the enumerated factors. Id. The analysis may also include a "case-by-case evaluation of the particular circumstances at hand." Id.

## B.    Convenience

When analyzing the convenience prong, the Court considers "(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law."  Terra Int'l, 119 F.3d at 696. A transfer should not be granted if the effect simply shifts the inconvenience from one party to another.  Radisson Hotels Int'l Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996).

### 1.    Convenience of the Parties

The Court accords significant weight to a plaintiff's choice of forum when analyzing the convenience of the parties.  DB Indus., Inc. v. B&O Mfg., Inc., Civ. No. 03-5277, 2004 WL 1765337, at *5 (D. Minn. Aug. 4, 2004) (unpublished). Camtek claims that it will incur substantially more cost for travel, loss of employee time, and inconvenience if this case is not transferred to New Jersey. Camtek further argues that the ease of flights from Israel to New Jersey justifies transfer.  Currently, there are no direct flights from Israel to Minnesota. Geographically, New Jersey is more convenient forum for Camtek's witnesses flying from Israel.

However, the mere existence of a peripheral facility in New Jersey does not justify a transfer of venue when the parties are located in a different country. Camtek's officers will have to fly to the United States even if this litigation takes place in the District of New Jersey.  The effect of Camtek's Motion will only serve to impermissibly shift the inconvenience to August.  <u>See</u> <u>Radisson Hotels</u>, 931 F. Supp. at 641.  All trans-oceanic flights are inconvenient in one way or another. The lack of a direct flight is not a sufficient reason to transfer this case.  Because Camtek is already willing to fly across the Atlantic to appear in New Jersey, one additional domestic flight does not constitute a substantial burden that warrants a transfer of venue.

**2.     Convenience of the Witnesses**

Camtek identifies eight officers and employees who may be called as witnesses in this case.  Four reside in Israel.  One resides in Belgium.  One resides in New Jersey.  Two reside in California, and one of these witnesses will soon be relocated to Israel.

In assessing this factor the Court should consider and examine the "materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum."  <u>GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate</u>, No. 02-1244, 2003 WL 1572007, at *3 (D. Minn. Mar. 13, 2003) (unpublished).  Camtek claims that its key witnesses concerning research, development, manufacture, marketing, sales,

5

and distribution of the alleged infringing device are located in Israel, California, or New Jersey.  However, the bulk of potential party witnesses most knowledgeable about the design, manufacture, and distribution of the Falcon system are from Israel, Belgium, and California, not New Jersey.  Camtek employs thirty-eight research and development engineers in Israel to work on the Falcon system.  The Chief Technology Officer resides in Belgium.  Both the Vice President/Division Manager and Marketing Manager reside in Israel.  Camtek's Software Manager resides in Israel.  The Application Development Team Manager resides in Israel.  The Vice President of Sales and Marketing resides in California. Seven of the eight potential witnesses are from locations other than New Jersey. Only one potential party witness resides in New Jersey, and he works in sales and sales support.

This factor does not weigh heavily in favor of Camtek because most of its technical expertise is located in places other than New Jersey.  The five witnesses from Israel and Belgium would seem to have most of the technical knowledge about the Falcon system.  As for the two potential witnesses from California, this forum would be a more convenient place to travel because New Jersey is on the opposite coast and Minnesota is closer to California.  Regardless of the venue, seven of the eight witnesses will have to travel to the forum state.  Granting Camtek's Motion would only serve to save one potential witness from the burden of travel- the employee from New Jersey.  Furthermore, August's corporate

officers and key witnesses all reside in Minnesota.  Thus, Camtek has not met its

burden of showing an inconvenience to the witnesses.

### 3. Accessibility to Records and Documents

Most of Camtek's documents are located in Israel.  Camtek claims that the

materials relevant to Camtek's defense are found principally in New Jersey and

California where Camtek USA's sales records and marketing records are located.

However, this litigation will undoubtedly involve documents beyond just sales and

marketing information.  Evidence and witnesses relevant to the technologies at

issue will also be necessary.  August alleges that Camtek's product infringes the

'6,298 patent.  All of Camtek's documents relating to the research and

development, engineering, manufacturing, marketing, and sales are located in

Israel.

Camtek's argument is unpersuasive because <u>most</u> of their materials are

located in Israel.  Only Camtek USA's sales and marketing documents are located

in New Jersey.  On the other hand, Minnesota is the site of August's headquarters

and where documentary evidence relating to '6,298 patent is located.  Just as it

will not be a substantial inconvenience for the parties and witnesses to appear in

Minnesota, Camtek can make these documents available in Minnesota.

Furthermore, "[t]he actual physical location of voluminous documents 'is not a

particularly salient factor in a section 1404(a) determination' in present day

litigation."  <u>Amazin' Raisins Int'l, Inc., v. Ocean Spray Cranberries, Inc.</u>, No. 04-

3358, 2004 WL 2595896, at *4 (D. Minn. Nov. 15, 2004) (citation omitted). Camtek has not met its burden to show that this factor strongly supports transfer to the District of New Jersey.

### 4.    Location of Where the Conduct Complained of Occurred

Camtek maintains that its minimal connection with the forum state justifies litigating this case in New Jersey.  Camtek has sold and delivered seventeen Falcon systems in the United States.  Only one of these Falcon units has been shipped to Minnesota.

Camtek contends that the "hub of infringing activity" test, also known as the "center of gravity test," justifies negating the deference for Plaintiff's choice of forum.  (Def. Mem. Supp. Mot. Transfer at 17-18.)  Under the "hub" test, the preferred forum in patent infringement cases should be the "location of a product's development, testing, research, and production." Osteotech, Inc. v. GenSci Regeneration Sciences, Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1998).  "Also relevant is the place where marketing and sales decisions are made, rather than where limited sales activity has occurred." Id. at 358.  However, neither the Eighth Circuit nor the District of Minnesota has recognized the "hub" test to supplant the three-prong analysis required by section 1404(a).  Radisson Hotels, 931 F. Supp. at 642, n.4.  Consequently, Defendant's argument that the "hub of infringing activity" test should be decisive fails.

8

The location of the complained of conduct is not a dispositive factor when deciding whether or not to transfer a patent infringement case.  See id. Therefore, the Court analyzes this factor as it would any other factor under section 1404(a).  The conduct complained of is patent infringement.  The planning, manufacturing, and marketing of the Falcon system took place outside of Minnesota.  At first glance, it appears that a single shipment of a product to the forum state does not tip this factor in the non-moving party's favor.  However, this does not mean that Camtek's motion should be granted.  Camtek's connection with Minnesota is not de minimus.  Defendant sold half a million dollars of the accused product within Minnesota.  Camtek transported the product to Minnesota to offer the product for sale.  Defendant also traveled to Minnesota to install the product and train its customer on how to use the product.

Even though the complained of conduct occurred primarily in Israel, Camtek has failed to show why the location of the alleged wrongful conduct outweighs deference for Plaintiff's choice of forum.  The Court must consider and weigh all three factors of section 1404(a).  The balance of all three factors favors keeping this case in Minnesota.

### 5.    Applicability of Each Forum State's Substantive Law

Because this is a patent case, there are no issues of local law that would favor or disfavor transfer.

### C.      Interests of Justice

When analyzing the interest of justice, courts typically consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997).

Judicial economy does not weigh in favor of transferring this case to New Jersey. A transfer of this case is not necessary to avoid duplicative litigation in a different district. There are no related cases pending between the parties in New Jersey. Thus, a transfer to New Jersey would not enhance judicial economy.

As already noted, there is a strong presumption for August's choice of forum and Camtek has failed to surpass this heavy burden. The comparative cost increase from litigating this case in Minnesota is relatively small because Camtek will be flying from Israel regardless of the forum. As for August, the cost of litigating this action in New Jersey will be comparatively greater because all of its employees and documents are in Minnesota. The remaining factors do not weigh heavily in either Parties' favor. Thus, the interests of justice weigh in favor of keeping this matter in Minnesota.

**D.      Conclusion**

Camtek has not overcome the strong presumption for Plaintiff's choice of forum.  The location of the complained of activity is not the decisive factor under section 1404(a).  The convenience of the parties, witnesses, and interests of justice taken together weigh against transferring this case to New Jersey.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue [Docket No. 11] is **DENIED**.

Dated: December 2, 2005                        s /  Michael J. Davis
                                               Judge Michael J. Davis
                                               United States District Court