UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AUGUST TECHNOLOGY
CORPORATION, a Delaware
corporation, and RUDOLPH
TECNOLOGIES, INC., a Delaware
corporation,

           Plaintiffs,

v.

CAMTEK LTD., a foreign
corporation,

           Defendant.

**MEMORANDUM OPINION & ORDER**
Civil File No. 05-1396 (MJD/AJB)

Daniel W. McDonald, Ernest W. Grumbles III, Regina Vogel Culbert, Heather J. Kliebenstein, Joseph E. Lee, and Rachel C. Hughey, Merchant & Gould PC, Counsel for Plaintiffs.

Ann N. Cathcart Chaplin, David R. Francescani, Edmond R. Bannon, John D. Garretson, Michael F. Autuoro, and Michael E. Florey, Fish & Richardson PC, Counsel for Defendant.

## I.    INTRODUCTION

On March 5, 2009, a jury returned a special verdict finding that Camtek Ltd.'s Falcon device literally infringed claim 1 of Plaintiffs' U.S. Patent No. 6,826,298 ("the '6,298 patent") and that Camtek literally infringed Claim 3 of the

'6,298 patent. The jury found that Plaintiffs August Technology Corporation and Rudolph Technologies, Inc. (collectively "August") failed to prove willful infringement by clear and convincing evidence. The jury also found that Camtek failed to prove by clear and convincing evidence that claims 1 and 3 were obvious. In addition, the jury found that Camtek failed to prove by clear and convincing evidence that August's NSX-80 device was "on sale" prior to July 15, 1997. Lastly, the jury awarded August $6,782,490 in lost profits damages.

This matter comes before the Court on three post-trial motions: two motions for judgment as a matter of law ("JMOL") from Camtek and a motion to dismiss Camtek's inequitable conduct defense and counterclaim from August. For the following reasons, the Court will deny Camtek's motions and grant August's motion.

**II.   DISCUSSION**

    **A. Camtek's Motion for Judgment as a Matter of Law that the NSX-80 Is Prior Art to the Asserted '6,298 Patent Claims and for a New Trial on Validity**

Camtek seeks a JMOL that the NSX-80 is prior art to the '6,298 patent. Camtek also argues that the Court's "on sale" jury instruction was erroneous and misled the jury. Finally, Camtek argues for a new trial on the validity of claims 1 and 3 of the '6,298 patent.

To begin, the Court notes that the disputed instruction in this case follows the commonly used American Intellectual Property Law Association ("AIPLA") model instruction on the topic. See AIPLA Model Jury Instruction 6.3 <u>available at</u> http://www.aipla.org/Content/ContentGroups/Publications1/Publications_available_for_viewing1/2008_03_27_AIPLA_Model_Jury_Instructions.pdf (last visited Aug. 25, 2009). At trial, the Court instructed the jury as follows:

> As you are aware, the parties dispute whether the NSX-80 qualifies as prior art. Camtek contends that the NSX-80 was "on sale" in the United States more than one year before the patentees filed their U.S. patent application on July 15, 1998.
> The NSX-80 was "on sale" if it was both (1) subject to commercial offer for sale in the United States; and (2) ready for patenting more than one year before the patent application date. You must find that Camtek has proven these two elements **by clear and convincing evidence** in order to find that the NSX-80 qualifies as prior art.
> [. . .]
> In order to be "on sale," the NSX-80 must also have been ready for patenting at the time the alleged offer for sale is made. A product is ready for patenting either when it is reduced to practice or when the inventor of the product has prepared drawings or other descriptions of the product sufficient to allow a person of ordinary skill in the art to make or use the product. The product is ready for patenting when there is reason to believe it would work for its intended purpose.

(Jury Instruction No. 23.)

Despite the fact that before trial Camtek used AIPLA's model instruction in its proposed jury instructions, Camtek changed its position at trial and argued that the statement of law in the final paragraph of Jury Instruction Number 23 is erroneous.  Camtek now takes issue with the line stating that "[i]n order to be 'on sale,' the NSX-80 must also have been ready for patenting at the time the alleged offer for sale is made."

> Federal Rule of Civil Procedure 59 confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict.  A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice.

Gray v. Bicknell, 86 F.3d 1472, 1480 (8th Cir. 1996) (citations omitted).

District courts have "broad discretion in choosing the form and language of" jury instructions.  In re Prempro Prods. Liab. Litig., 514 F.3d 825, 829 (8th Cir. 2008).  "In reviewing a substantive challenge to jury instructions, the pertinent query is whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury."  Horstmyer v. Black & Decker, (U.S.) Inc., 151 F.3d 765, 771 (8th Cir. 1998) (citation omitted).  "The key question is whether a new trial should have been granted to avoid a miscarriage of justice."  Harrison v. Purdy Bros.

Trucking Co., Inc., 312 F.3d 346, 351 (8th Cir. 2002) (citation omitted).  In this case, the Court finds that Jury Instruction Number 23 fairly and adequately submitted the issues in the case to the jury.

A recent opinion from the United States Court of Appeals for the Federal Circuit provides guidance on the applicable law:

> Our patent laws deny a patent to an inventor who applies for a patent more than one year after making an attempt to profit from his invention by putting it on sale.  An invention is so barred when it was both the subject of a commercial offer for sale before the critical date and ready for patenting at the time of the offer.

Atlanta Attachment Co. v. Legget & Platt, Inc., 516 F.3d 1361, 1365 (Fed. Cir. 2008) (citing Pfaff v. Wells Elecs., Inc., 525 U.S. 55, 67 (1998)) (all other citations omitted).  Camtek attempts to persuade the Court that Atlanta Attachment does not stand "for the proposition that an invention must be 'ready for patenting' at the time it is commercially offered for sale" and that, in any event, Pfaff does not support this Court's jury instruction.  Assuming for a moment that Camtek is correct when it argues that the Federal Circuit's statement of the law in Atlanta Attachment is ambiguous, the Court must then contend with the Federal Circuit's statement in another recent case that

> The on-sale bar prohibits the patenting of an invention that has been the subject of an offer for sale before [the] critical date in § 102(b).  In applying the statutory on-sale bar, this court follows the test set

>   forth in Pfaff.  The Pfaff test requires that (1) the invention be the subject of a commercial sale or offer for sale and (2) the invention be "ready for patenting" at the time of the offer or sale.

Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp., 488 F.3d 982, 996 (Fed. Cir. 2007) (citations omitted).

Camtek's arguments regarding Jury Instruction Number 23 are unpersuasive.  To the extent that Camtek urges the Court to come to a different conclusion of law than the Federal Circuit's recent pronouncements on this issue, Camtek's arguments are better left to the appellate process.  As it pertains to the current state of the law, this Court finds that the Federal Circuit's direction is clear; alleged prior art must be ready for patenting at the time of the alleged commercial offer for sale in order to be on sale under 35 U.S.C. § 102(b).  With respect to Jury Instruction Number 23, there simply was no miscarriage of justice because the jury instruction was a correct statement of the law.

Camtek does not argue in the alternative that the NSX-80 was ready for patenting at the time of the alleged offers for sale.  That fact, along with the Court's finding that its instruction was neither erroneous nor misleading, provides the Court with reason enough to deny Camtek's motion.  In the interests of providing a clean record for appeal, however, the Court will address

Camtek's remaining argument that the jury's verdict was against the clear weight of the evidence.

Federal Rule of Civil Procedure 50(b) states that, when ruling on a renewed JMOL motion, "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."  "In ruling on a [JMOL motion], the court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, without making credibility determinations or weighing the evidence."  Tatum v. City of Berkeley, 408 F.3d 543, 549 (8th Cir. 2005).  This standard mirrors the standard applied to summary judgment motions.  See id.  After reviewing all of the evidence in the record and drawing all reasonable inferences in favor of August, the Court denies Camtek's renewed JMOL motion.  Pursuant to Rule 50(b), the Court will allow judgment on the verdict.

At trial, August presented evidence sufficient to support the jury's finding that the NSX-80 was not on sale before July 15, 1997.  (See, e.g., Pls.' Trial Ex. 35; Pls.' Trial Ex. 485; Trial Tr. at 265:2-266:1; Trial Tr. at 275:3-6, 279:24-280:6; Trial Tr. 281:7-16; Trial Tr. at 475:4-8.)  All of this evidence is more than enough to establish, for example, that the NSX-80 was not ready for patenting before July 15, 1997 according to this Court's instruction that

> A product is ready for patenting either when it is reduced to practice or when the inventor of the product has prepared drawings or other descriptions of the product sufficient to allow a person of ordinary skill in the art to make or use the product. The product is ready for patenting when there is reason to believe it would work for its intended purpose.

(Jury Instruction No. 23.) Camtek does not dispute that this portion of Instruction Number 23 is a correct statement of the law. In any event, the Court finds that it is. See Atlanta Attachment, 516 F.3d at 1366 (citations omitted). Camtek understandably attempts to diminish the weight of August's evidence and enhance the weight of its own evidence produced at trial. But, for the purposes of Camtek's motion, this Court is not in a position to weigh the evidence given that the jury's verdict is well-supported. For all of these reasons, the Court denies Camtek's motion for JMOL and a new trial on validity.

### B. August's Motion to Dismiss Camtek's Inequitable Conduct Defense and Counterclaim

Camtek raised the defense of inequitable conduct in its Second Amended Answer and Counterclaim. This defense appears in almost every patent infringement lawsuit. See Burlington Indus., Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague."). In a previous order, the Court bifurcated the issues of infringement and inequitable conduct. In

8

pretrial briefing on the motion to bifurcate, Camtek maintained that its inequitable conduct defense and counterclaim are "based on a straightforward premise: Plaintiffs' NSX-80 wafer inspection device was on sale in the U.S. more than one year before July 15, 1998, the earliest filing date to which August's U.S. Patent No. 6,324,298 ('the '4,298 patent') and the '6,298 patent are entitled." (Def.'s Mem. in Opp'n to Pls.' Second in Limine Mot. at 1; see also Second Am. Answer and Countercl. ¶¶ 25-38.)

Camtek's theory of inequitable conduct stems from 35 U.S.C. § 102(b), which prohibits a patent applicant from seeking patent protection on an invention that was on sale more than one year before the patent application filing date.  35 U.S.C. § 103 extends this condition to patent applications seeking protection on an invention that would have been obvious to a person having ordinary skill in the art.  Now, August moves for dismissal of Camtek's inequitable conduct defense on the grounds that the jury's finding that the NSX-80 was not on sale before July 15, 1997 is dispositive of materiality and, thus, inequitable conduct for both the '4,298 and '6,298 patents.  Because the '4,298 patent and the '6,298 patent share the same filing date, the Court agrees with August's position.

In order for a patent to be held unenforceable by reason of inequitable conduct, an alleged infringer must show "that the applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [PTO]." Ariad Pharms., Inc. v. Eli Lilly and Co., 560 F.3d 1366, 1377 (Fed. Cir. 2009). "Further, at least a threshold level of each element—i.e., materiality and intent to deceive—must be proven by clear and convincing evidence." Id. (quoting Star Scientific, Inc. v. R. J. Reynolds Tobacco Co., 537 F.3d 1357, 1365 (Fed. Cir. 2008)).

Although materiality and intent are factual issues, the ultimate decision respecting inequitable conduct is left to the trial judge's discretion. See id. "If a threshold level of intent to deceive or materiality is not established by clear and convincing evidence, the district court does not have any discretion to exercise and cannot hold the patent unenforceable regardless of the relative equities or how it might balance them." Id. (quoting Star Scientific, 537 F.3d at 1365). If the threshold levels of materiality and intent are met, the court balances the actual level of materiality and the actual level of intent and determines, as a matter of equity, if inequitable conduct has occurred. See Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995).

Under certain circumstances, proof of inequitable conduct in an earlier application can also render unenforceable all claims that issue in a subsequent related application.  See Baxter Int'l, Inc. v. McGaw, Inc., 149 F.3d 1321, 1330-32 (Fed. Cir. 1998).  This doctrine of "infectious unenforceability" animates Camtek's argument in opposition to August's motion.  Camtek argues that the jury's verdict that the NSX-80 was not on sale before July 15, 1997 leaves unanswered the question of whether the NSX-80 is on sale prior art to the related '4,298 patent that was not at issue at trial.

Camtek's inequitable conduct defense and counterclaim fail as a matter of law because Camtek cannot possibly meet the materiality threshold with respect to either patent.  "To meet the materiality requirement, a reference must necessarily be prior art."  Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 31 F. App'x. 727, 732 (Fed. Cir. 2002) (citing Northern Telecom, Inc. v. Datapoint Corp., 908 F.2d 931, 940 (Fed. Cir. 1990)).  At trial, the jury found that Camtek failed to prove by clear and convincing evidence that the NSX-80 was "on sale" before July 15, 1997 as that phrase is defined in § 102(b) and the relevant case law.  See Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1352 (Fed. Cir. 2002) (explaining that, in order to establish an on-sale bar, the defendant had to "prove the facts underlying both prongs of the Pfaff test by clear and convincing

11

evidence"). In the context of the trial, the jury's verdict on this question thus precluded the jury from considering the NSX-80 as prior art for the purposes of Camtek's obviousness defense. (See Jury Instruction No. 23 ("You must find that Camtek has proven these two elements **by clear and convincing evidence** in order to find that the NSX-80 qualifies as prior art.").) Likewise, in the context of a potential bench trial—and because the '4,298 patent shares a filing date with the '6,298 patent in suit—the jury's finding precludes the Court from considering the NSX-80 as prior art for the purposes of Camtek's entire inequitable conduct defense and counterclaim.

### C. Camtek's Motion for Judgment as a Matter of Law of Non-Infringement Under the Doctrine of Equivalents

Camtek filed this motion pursuant to Federal Rule of Civil Procedure 50(b), which concerns renewed JMOL motions that address "a jury issue not decided by a verdict." Camtek seeks a ruling from this Court granting judgment as a matter of law of non-infringement under the doctrine of equivalents. In response, August filed a motion to strike Camtek's motion on the grounds that it is not a proper 50(b) motion because the doctrine of equivalents issue does not amount to a "jury issue not decided by a verdict."

The Court begins its analysis of Camtek's Rule 50(b) motion mindful of the fact that the ultimate question of infringement was tried to a jury, which specifically found that Camtek's Falcon device literally infringes the '6,298 patent. In this case, the Court provided the jury with an instruction on infringement under the doctrine of equivalents that begins as follows: "If you decide that Camtek's product does not literally infringe an asserted patent claim, you must then decide whether that product infringes the asserted claim under what is called the 'doctrine of equivalents.'" (Jury Instruction No. 18.) As a preliminary matter, the Court notes that the language in the Court's instruction on the doctrine of equivalents tracks AIPLA's model patent jury instruction on the doctrine of equivalents. See AIPLA Model Jury Instruction 3.11. With its motion, Camtek does not argue that Jury Instruction Number 18 incorrectly states the law of the doctrine of equivalents. In any event, again, the Court finds that its instruction correctly states the law on this topic. See Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co., 520 U.S. 17, 21, 29, 38-40 (1997).

Next, the Court finds that its jury instructions precluded the jury from finding infringement under the doctrine of equivalents once the jury found literal infringement. Camtek did not object—either before or after the verdict—to Jury Instruction Number 18 on the grounds that it required the jury to make a finding

on the doctrine of equivalents only if it did not find literal infringement. Nor did Camtek demand that the jury make a finding on the doctrine of equivalents.

For the purposes of its motion to strike, however, August accepts that the outcome in this case "waived no rights to seek a jury determination of the fact-intensive issue of equivalents infringement should the issue become relevant in the future." (Pls.' Reply Br. at 9.) The Court thus finds that infringement under the doctrine of equivalents is a jury issue not decided by the verdict—one that Camtek has not procedurally waived. See B & B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 390 (8th Cir. 2009); Strattec Sec. Corp. v. Gen. Auto. Specialty Co., Inc., 126 F.3d 1411, 1419 (Fed. Cir. 1997) (holding that a party did not waive its right to a jury trial on the doctrine of equivalents when a jury did not reach the issue because it was instructed not to do so if it found literal infringement). In this case, the jury was indeed presented with the issue of the doctrine of equivalents and it would have reached that issue if it did not find literal infringement. As a result, Camtek's motion is proper in so far as it asks the Court to rule as a matter of law on a jury issue that was not decided by the verdict. In all other respects, however, Camtek's JMOL motion fails.

The record in this case fully supports the jury's finding of literal infringement. So, while Camtek has not waived its right to raise a doctrine of

14

equivalents issue if the jury's verdict is overturned on appeal, the Court finds that Camtek's underlying legal arguments on this subject are currently rendered moot in light of the jury's well-supported finding of literal infringement. See Seattle Box Co., Inc. v. Indus. Crating & Packing, Inc., 731 F.2d 818, 828 (Fed. Cir. 1984) ("The doctrine of equivalents only comes into play when there is no literal infringement.") (citation omitted). Therefore, the Court denies Camtek's motion as moot. See Laitram Corp. v. NEC Corp., 115 F.3d 947, 949 (Fed. Cir. 1997) (stating that, for the purposes of a 50(b) motion, "so long as an issue remains moot, a district court need not decide a motion raising it, but rather may defer it, or deny or dismiss it as moot").

Accordingly, based on the files, records, and proceedings herein **IT IS HEREBY ORDERED** that:

1. Camtek's Motion for Judgment as a Matter of Law that the NSX-80 is Prior Art to the Asserted '6,298 Patent Claims and for a New Trial on Validity [Doc. No. 532] is **DENIED**.

2. August's Motion to Dismiss Defendant's Inequitable Conduct Defense and Counterclaim [Doc. No. 499] is **GRANTED**. August's inequitable conduct defense and counterclaim are hereby dismissed without prejudice. The Court will not conduct a bench trial on this issue.

3. August's Motion to Strike Defendant's JMOL of Non-Infringement Under the Doctrine of Equivalents [Doc. No. 475] is **DENIED**.

4. Camtek's Motion for Judgment as a Matter of Law of Non-Infringement of U.S. Patent No. 6,826,298 Under the Doctrine of Equivalents [Doc. No. 470] is **DENIED AS MOOT.**

Date:  August 25, 2009                                s/ Michael J. Davis
                                                      Chief Judge Michael J. Davis
                                                      United States District Court