UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| August Technology Corporation, a Delaware corporation, and Rudolph Technologies, Inc., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> Camtek Ltd., a foreign corporation, <br><br> Defendant. | **MEMORANDUM OF LAW & ORDER** <br> Civil File No. 05-1396 (MJD/AJB) |

Daniel W. McDonald, Ernest W. Grumbles III, Regina Vogel Culbert, Heather J. Kliebenstein, Joseph E. Lee, and Rachel C. Hughey, Merchant & Gould PC, Counsel for Plaintiffs.

Ann N. Cathcart Chaplin, David R. Francescani, Edmond R. Bannon, John D. Garretson, Michael F. Autuoro, and Michael E. Florey, Fish & Richardson PC;

Donald L. Rhoads, Jean-Paul Ciardullo, Christopher A. Colvin, and Jonathan S. Caplan (pro hac vice), Kramer Levin Naftalis & Frankel LLP;

William A. LeMire and Paul E.D. Darsow, Arthur, Chapman, Kettering, Smetak & Pikala, PA, Counsel for Defendant.

**I.     INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Enforcement of the Permanent Injunction and for Attorney's Fees.  [Docket No. 691]  The Court heard oral argument on Wednesday, December 22, 2010.

## II.    FACTUAL BACKGROUND

On March 5, 2009, a jury returned a special verdict finding that Defendant Camtek Ltd.'s Falcon device literally infringed Claim 1 of U.S. Patent No. 6,826,298 ("the '6,298 patent") and that Camtek literally infringed Claim 3 of the '6,298 patent.  [Docket No. 466]

On August 28, 2009, the Court entered an Order on Final Judgment and Injunctive Relief in this case.  [Docket No. 547]  The injunction states in paragraph 5(a) that Camtek is prohibited from "communicating with third parties (in person, via phone, via email, or by any other means) located in the United States for the purposes of offering to sell Falcon machines or machines that are colorable imitations thereof, notwithstanding where the third party intends to use the machines."

On October 30, 2009, Camtek filed a motion requesting that this Court clarify or modify paragraph 5(a) of the permanent injunction.  On July 27, 2010, this Court issued an order which denied Camtek's motion, stating that "[t]he

Court has already heard the parties' arguments with regard to a permanent injunction and made its ruling.  The Court therefore declines to reopen argument on this issue and affirms the Order on Final Judgment and Injunctive Relief entered in this case."  [Docket No. 644 at 18]

Plaintiffs, concerned that Camtek was not in compliance with the injunction, moved to serve discovery related to Camtek's compliance with the injunction.  Camtek argued that the discovery request were overbroad and should be narrowed.  [Docket No. 645]  On August 16, 2010, Chief Magistrate Judge Boylan granted Plaintiffs leave to serve the proposed discovery concerning Camtek's compliance with the injunction.  [Docket No. 653]

On August 10, 2010, Camtek filed an appeal and moved that the Court of Appeals for the Federal Circuit modify or stay paragraph 5(a) of this Court's injunction pending appeal.  Camtek focused much of its appeal on the Federal Circuit's decision in <u>Transocean Offshore Deepwater Drilling, Inc. v. Maersic Contractors USA, Inc.</u>, 617 F.3d 1296 (Fed. Cir. 2010).  In its brief to the Federal Circuit, Camtek asserted that "*Transocean* eliminates any doubt that may have existed that Camtek is entitled, as a matter of law, to communicate offers in the U.S. to sell Falcon machines overseas."  (Ex. A to Lee Decl. 2.)  Camtek further

argued that, "[f]or the same reason, Paragraph 5(a) of the injunction is legally erroneous as it provides for extraterritorial application of patent law (affecting overseas sales) wholly rejected in *Transocean*." (Id. 2-3)  On September 20, 2010, the Court of Appeals for the Federal Circuit denied Camtek's motion for a stay of the injunction.

On September 22, 2010, Camtek made a motion to limit the Court approved discovery concerning Camtek's compliance with this Court's injunction. [Docket No. 664]  On November 17, 2010, Chief Magistrate Judge Boylan denied Camtek's motion to limit discovery, stating that the motion was in fact "primarily a collateral attack on the Permanent Injunction." [Docket No. 682 at 4.]  On December 23, 2010, this Court issued an order affirming Chief Magistrate Judge Boylan's November 17, 2010 order. [Docket No. 707]

Camtek stated that it was withholding documents relating to its motion to limit discovery mentioned above.  On November 22, 2010, Plaintiffs contacted Camtek's counsel in order to obtain court ordered discovery.  Camtek's counsel replied that Camtek was not in violation of paragraph 5(a) of this Court's injunction because an offer to sell does not include communications or sales related activity where the intended sale is to occur outside of the United States.

Accordingly, Camtek asserted that any discovery relating to communications concerning sales outside of the United States is irrelevant.  On December 3, 2010, Plaintiffs brought a Motion for Enforcement of the Permanent Injunction and for Attorneys' Fees.  [Docket No. 691]  The motion requests that the Court order Camtek to immediately cease violation of paragraph 5(a), with a weekly fine for violations, and that Camtek pay Plaintiffs' attorneys' fees for bringing this motion.

## III.   DISCUSSION

According to the Eighth Circuit, "[a] contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order." Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006) (citation omitted). Moreover, in a civil contempt proceeding, the moving party must prove, by clear and convincing evidence, that the person allegedly in contempt violated the court's order.  Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000).

At oral argument, counsel for Plaintiffs admitted that at the time of the hearing he did not know the details of how Camtek was in violation of the injunction.  Plaintiffs' counsel stated that he did not have this information

because discovery on Camtek's compliance was being withheld by Camtek in light of its appeal of Chief Magistrate Judge Boylan's November 17, 2010 order denying Camtek's Motion to Limit Discovery in Light of the Federal Circuit's <u>Transocean</u> Decision.  Subsequent to the hearing on the present motion, the Court has affirmed Judge Boylan's order denying Camtek's motion to limit post-verdict discovery, allowing Plaintiffs' to obtain the previously Court ordered discovery.  Nonetheless, since Plaintiffs' admit they do not currently have knowledge of how Camtek is violating the injunction, the Court will deny Plaintiffs' motion.

## IV.   CONCLUSSION

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

> Plaintiffs' Motion for Enforcement of the Permanent Injunction and for Attorney's Fees [Docket No. 691] is **DENIED WITHOUT PREJUDICE**.

Date:   February 23, 2011                                s/Michael J. Davis
                                                                         Michael J. Davis
                                                                         Chief Judge
                                                                         United States District Court