UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

AUGUST TECHNOLOGY CORPORATION
and RUDOLPH TECHNOLOGIES, INC.
    Plaintiffs,


v.            **MEMORANDUM OF LAW & ORDER**
             Civil File No. 05-1396 (MJD/FLN)

CAMTEK, LTD.,
    Defendant.

---

Daniel W. McDonald, Joseph E. Lee, and Rachel C. Hughey, Merchant & Gould P.C., and Ernest W. Grumbles, Adams Monahan LLP, Counsel for Plaintiffs.

Jonathan S. Caplan, Christopher A. Colvin, and Jean-Paul Ciardullo, Kramer Levin Naftalis & Frankel LLP, and William A. LeMire, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Counsel for Defendant Camtek, Ltd.

---

## I. Introduction

The above-entitled matter comes before the Court upon a Report and Recommendation and an Order of United States Magistrate Judge Arthur J. Boylan, both dated August 11, 2011. [Docket Nos. 731 & 732.] In his Report and Recommendation the Magistrate Judge recommended that Plaintiffs' Motion for Contempt [Docket No. 715] be granted, that the Defendant be ordered to pay

Plaintiffs $1,291,892, reflecting double damages, as a sanction, and that Plaintiffs be awarded attorney fees and costs in an amount determined by the Court. In a separate Order, the Magistrate Judge denied Plaintiffs' Motion for Enhanced Damages. Defendant Camtek, Ltd. has filed objections to the Magistrate Judge's recommendation on the contempt motion and has also sought to strike a finding in the Order denying enhanced damages.

## II.   Objections to Report and Recommendation on Finding of Contempt

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that thorough review, the Court will adopt the Report and Recommendation, adding the following observations to the Magistrate Judge's already thorough and accurate Report:

Plaintiffs brought this action in 2005, alleging that Defendant's Falcon machine infringed U.S. Patent No. 6,826,298 ("the '6,298 patent") held by Plaintiffs in connection with their NSX-80 machine. The details of the claims are not relevant to the instant motion. On March 5, 2009, after a trial conducted by this Court, a jury found that Defendant's Falcon device infringed on two claims in the '6,298 patent. After extensive briefing and argument by the parties, the

Court issued a permanent injunction on August 28, 2009, which enjoined Defendant from

> communicating with third parties (in person, via phone, via email, or by any other means) located in the United States for the purposes of offering to sell Falcon machines or machines that are colorable imitations thereof, notwithstanding where the third party intends to use the machines[.]

(Order on Final Judgment and Injunctive Relief [Docket No. 547].)

Caught violating this provision, Defendant now feigns ignorance as to the meaning of the clause beginning with the word "notwithstanding" (the "notwithstanding clause").  Any such ignorance is newfound.  In a June 19, 2009 memorandum, Defendant helpfully explained the meaning and impact of the notwithstanding clause, stating that "in other words" it "would prevent [Defendant] from offering to sell a Falcon machine to parties in the U.S. even if the sale is consummated abroad and the Falcon machine is used abroad."  (Def.'s Mem. in Opp'n [Docket No. 528] at 20.)  The Court agrees that Defendant's "other words" adequately and accurately convey the meaning of the notwithstanding clause.

Fully aware of the meaning of the notwithstanding clause, Defendant sought to have it deleted in a motion before this Court to "clarify" the injunction.

(Mem. in Supp. of Camtek's Rule 60 Motion for Clarification [Docket No. 601] at 2). That motion was denied. The Court declined to remove the clause which, in Defendant's words, "prevent[ed it] from offering to sell a Falcon machine to parties in the U.S. even if the sale is consummated abroad and the Falcon machine is used abroad." (Def.'s Mem. in Opp'n at 20.)

In spite of this Court's clear instruction not to "communicat[e] with third parties . . . located in the United States for the purposes of offering to sell Falcon machines" Defendant did just that, <u>twice</u>, in late 2009. The Magistrate Judge's Report and Recommendation sets out the details of Defendant's violations; this Court need not rehash Defendant's misdeeds. Suffice it to say that there is no doubt that Defendant engaged in behavior specifically prohibited by the notwithstanding clause—a clause which Defendant clearly understood and which the Court had specifically declined to change—while the injunction was in full force.

The Defendant knowingly and in bad faith violated the Court's clear and unambiguous injunction. Defendant's arguments to avoid this reality are not worth repeating. At bottom, they boil down to one badly flawed unstated proposition: Defendant was not obligated to obey the Court's injunction because

Defendant believed its scope somehow exceeded the Court's authority. "[A]n order issued by a court with jurisdiction . . . must be obeyed by the parties until it is reversed by orderly and proper proceedings." United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (noting that "[t]his is true without regard even for the constitutionality of the Act under which the order is issued"). Unless and until the injunction is stayed or vacated by this Court or a higher court, the enjoined party is bound to follow its instructions, and violations will be subject to a contempt finding. This Court finds Defendant in contempt.

What remains is Defendant's objection to the Magistrate Judge's calculation of damages and his recommendation to double them. In their Memorandum in Support of Motion for Contempt [Docket No. 717], Plaintiffs presented evidence and arguments supporting their asserted loss as a result of Defendant's contemptuous activity, and they requested treble damages. Defendant did not respond to Plaintiffs' damages calculations or arguments in its opposition brief. [Docket No. 726.] The Magistrate Judge did his own calculations of Defendant's lost profits based on his already exhaustive analysis of that issue. [Docket No. 683.] That issue had been fully briefed, and the Magistrate Judge's analysis was adopted by this Court on January 7, 2011.

[Docket No. 707.]  After arriving at a total loss figure, the Magistrate Judge recommended that the damages be doubled in light of the flagrant nature of Defendant's behavior.

Defendant now argues that it did not have an opportunity to argue this issue before the Magistrate Judge, but it is unclear what it could have argued in the absence of any mention of the issue in its briefing.  The Court considers Defendant's new arguments waived.  See Marshall v. Chater, 75 F.3d. 1421, 1426 (10th Cir. 1996) ("issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived"); Castillo-Alvarez v. Hawkinson, Civ. No. 10-4187, 2011 WL 3798585, at *1 n.1 (D. Minn. Aug. 25, 2011).  In any event, the Court finds those arguments unpersuasive.  This Court has already concluded that lost profits per machine amounted to $322,973.  [Docket Nos. 681 & 707.]  There was no need to litigate that issue once more.

As for the doubling of damages, the Court notes that sanctions in contempt proceedings may "be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  United Mine Workers, 330 U.S. at 303-04.  Here the sanction serves both purposes.  Plaintiffs are properly compensated for

their losses, and the double damages penalty serves as a stern warning to a party which has shown a clear lack of respect not only for this Court's instructions, but also for a jury's verdict. The Court only hopes that this award is sufficient to discourage Defendant from further unlawful behavior in the future.

In light of the foregoing observations, the Court's de novo review of the record, and all of the thoughtful reasons given by the Magistrate Judge, the Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Boylan dated August 11, 2011 [Docket No. 731].

### III.   Motion to Set Aside Finding of Willful Infringement

Defendant has requested that this Court set aside a finding of willful infringement contained in the Magistrate Judge's August 11, 2011 Order which, ruling in Defendant's favor, denied Plaintiffs' request for enhanced damages arising out of post-verdict infringement by Defendant.

Defendant has not shown how it is prejudiced by the Magistrate Judge's favorable order. The rule that prevailing parties lack standing to appeal decisions in their favor is well established. Enterprise Bank v. Saettele, 21 F.3d 233, 236 n.3 (8th Cir. 1994) (citing Public Serv. Comm'n v. Brashear Freight Lines,

306 U.S. 204, 206 (1939)).  The Court declines the invitation to meddle with a factual finding contained within an order favorable to Defendant.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** Magistrate Judge Arthur J. Boylan's Report and Recommendation dated August 11, 2011 [Docket No. 731];

2. Plaintiffs' Motion for Contempt [Docket No. 715] is **GRANTED**;

3. Defendant is ordered to pay Plaintiffs $1,291,892 as a sanction for contempt;

4. Plaintiffs are awarded reasonable attorney fees and costs incurred in bringing their Motion for Contempt;

5. this matter is referred to Magistrate Judge Franklin L. Noel for determination of reasonable attorney fees; and

6. Defendant's Motion to Set Aside the Magistrate Judge's Finding of Willful Infringement [Docket No. 750] is **DENIED**.


Dated:  March 26, 2012         s/ Michael J. Davis
                               Michael J. Davis
                               Chief Judge
                               United States District Court