## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| AUGUST TECHNOLOGY CORPORATION and RUDOLPH TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CAMTEK, LTD., <br><br> Defendant. | Civil No. 05-1396 (JRT/FLN) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Ernest W. Grumbles, III, **ADAMS MONAHAN, LLP**, 60 South Sixth Street, Suite 2540, Minneapolis, MN 55402; Regina Vogel Culbert, **MERCHANT & GOULD PC**, 701 Fifth Avenue, Suite 4700, Seattle, WA 98104; and Thomas R. Johnson, William D. Schultz, Daniel W. McDonald, Heather J. Kliebenstein, Joseph E. Lee, and Rachel C. Hughey, **MERCHANT & GOULD PC**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402 for plaintiff August Technology Corporation.

Daniel W. McDonald, **MERCHANT & GOULD PC**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402, for plaintiff Rudolph Technologies, Inc.

Ann N. Cathcart Chaplin and Michael E. Florey, **FISH & RICHARDSON PC**, 60 South Sixth Street, Suite 3200, Minneapolis, MN 55402; David R. Francescani, Edmond R. Bannon and Michael F. Autuoro, **FISH & RICHARDSON PC**, 153 East 53rd Street, 52nd Floor, New York, NY 10022; Mark T. Smith, **COOLEY LLP**, 3175 Hanover Street, Palo Alto, CA 93404; Thomas J. Friel, Jr., **COOLEY LLP**, 101 California Street, 5th Floor, San Francisco, CA 94111; Sarah J. Guske and Wayne O. Stacy, **COOLEY LLP**, 380 Interlocken Crescent, Suite 900, Broomfield, CO 80021; and Vincent J. Fahnlander and William F. Mohrman, **MOHRMAN & KAARDAL**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for defendant.

Plaintiffs August Technology Corporation and Rudolph Technologies, Inc. brought this action in 2005 against defendant Camtek, Ltd. ("Camtek") alleging patent infringement, and the case has been extensively litigated. In 2009, a jury found the plaintiffs' patent was valid and infringed by Camtek's machines, and the Court entered judgment and a permanent injunction. In 2011, the Federal Circuit vacated the judgment of infringement and the permanent injunction and remanded for further proceedings. The matter is now before the Court on Camtek's motions for relief under Federal Rules of Civil Procedure 59 and 60 and Camtek's objections to the Magistrate Judge's award of Fees and Costs. The Court will grant in part and deny in part Camtek's motion for relief from the Court's contempt order and sanctions award because it finds that although Camtek was in contempt, the sanctions imposed should only be compensatory. The Court will deny Camtek's motions for relief from the Court's judgment of willful infringement because Camtek lacks standing to appeal the order. The Court will overrule Camtek's objections to the Magistrate Judge's order as moot.

## BACKGROUND[1]

Both parties manufacture machines that automatically inspect integrated circuits on semiconductor wafers. In March 2009, a jury returned a verdict finding that Camtek's Falcon device literally infringed plaintiffs' U.S. Patent No. 6,826,298. (Docket No. 466.) In August 2009, this Court entered an Order on Final Judgment and Injunctive Relief. (Docket No. 547.) The injunction prohibited Camtek from "communicating with third

---

[1] A more complete recitation of the facts may be found in the Court's prior orders.

parties (in person, via phone, via e-mail, or by any other means) located in the United States for the purposes of offering to sell Falcon machines or machines that are colorable imitations thereof, notwithstanding where the third party intends to use the machines." (*Id.*)

In March 2011, Plaintiffs brought a motion for contempt (Docket No. 715), alleging that Camtek had violated this prohibition.  In May 2011, the Magistrate Judge heard argument on the contempt motion, but the parties did not address the issue of damages.[2]  In August 2011, the Magistrate Judge recommended that the motion be granted. (Report & Recommendation, Docket No. 731 [hereinafter "2011 R&R"].)  The 2011 R&R found that the facts were "undisputed" and that Camtek had communicated with a third party in the United States for the purposes of selling a Falcon machine for delivery in Asia.  (*Id.* at 1, 5, 9.)  Because Plaintiffs presented evidence that Camtek's prohibited communication led to two Falcon sales, the Court – based on figures previously determined – found that Plaintiffs had lost $322,973 in profits for each machine.  (*Id.* at 9-10.)  The 2011 R&R recommended an award of double damages and attorneys' fees and costs.  (*Id.* at 10.)

In March 2011, Plaintiffs also brought a motion for enhanced damages.  (Docket No. 709.)  In August 2011, the Magistrate Judge found that the "plaintiffs have proved by

---

[2] Camtek claims that the parties had agreed to table the issue of contempt-related remedies until after the contempt motion had been decided, and indicated this intent in a letter to the Magistrate Judge.  (*See* Letter, April 20, 2011, Docket No. 723.)  The letter does indicate that the parties plan to "defer the hearing" on the remedies (*id.*), but Camtek did not address damages in its response brief after Plaintiffs' moved for sanctions (Def.'s Mem. in Opp'n to Pl.'s Mot. for Contempt, May 20, 2011, Docket No. 726; *see also* Order at 6, Mar. 26, 2012 Docket No. 764 (noting the absence of the issue in the briefing)).

clear and convincing evidence . . . willful infringement." (Order at 6, Docket No. 732 [hereinafter "2011 Order"].) Because the misconduct was found to be brief and the infringing product was made before the verdict, Plaintiffs' motion for enhanced damages was nevertheless denied. (*Id.* at 9, 11.)

A few days after the 2011 R&R and 2011 Order, the Federal Circuit held that the "district court erred in its claim construction," and it vacated this Court's judgment of infringement and its grant of a permanent injunction and remanded for further proceedings. *August Tech. Corp. v. Camtek Ltd.*, 655 F.3d 1278, 1281 (Fed. Cir. 2011). In March 2012, the Court issued an order adopting the 2011 R&R – including the award of double damages and attorneys' fees and costs – and denying Camtek's motion to set aside the finding of willful infringement. (Order, Mar. 26, 2012, Docket No. 764 [hereinafter "March 2012 Order"].)

On April 4, 2012, this case was reassigned to the undersigned. In April 2012, Plaintiffs moved for an order granting its request for attorneys' fees and costs. On May 1, 2012, the Magistrate Judge granted that motion. (Docket No. 795 [hereinafter "May 2012 Order"].) Camtek objects to the May 2012 Order granting Plaintiffs attorneys' fees and costs, arguing that the fees and costs should not have been awarded "while the underlying finding of contempt remains unsettled." (Docket No. 797.)

Camtek also brings a Rule 60 Motion, seeking relief from the Contempt Order and Sanctions award, and a Rule 59 and Rule 60 Motion, seeking relief from willful infringement finding in the 2011 Order.

## DISCUSSION

### I.   RULE 60 MOTIONS

#### A.   Standard of Review

Under Rule 60(b) a party can seek relief from judgment if:

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief

Fed. R. Civ. P. 60(b).  "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'"  *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)).  Camtek seeks relief under Rule 60(b)(4), (b)(5), and (b)(6).

#### B.   Motion with Respect to Contempt and Sanctions

Camtek seeks relief under Rule 60(b) for both the contempt holding and the Court's imposition of sanctions.  First, Camtek argues that the contempt holding was improper because the injunction was unclear.  The Court has addressed and rejected this argument repeatedly (*see, e.g.*, 2011 R&R at 7-8), and Camtek offers no new argument.  The Court will, therefore, affirm the contempt holding.

Camtek contends that the sanctions awarded by the Court for violation of the injunction are criminal sanctions and that it was deprived of due process.  Rule 60(b)(4) provides that a court may relieve a party from a judgment if it is void.  "A judgment is

void if the rendering court . . . acted in a manner inconsistent with due process." *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (citation omitted). Civil contempt sanctions may be imposed "in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). Criminal sanctions, however, require the protections that the Constitution requires of criminal proceedings. *Id.* at 826. A contempt sanction is considered "civil if it is remedial, and for the benefit of the complainant." *Id.* at 827 (internal quotation marks and citation omitted). A sanction is considered criminal if it is punitive, "to vindicate the authority of the court." *Id.* at 828. "Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." *Id.* at 829.

In its March 2012 Order adopting the 2011 R&R, the Court imposed double damages. (March 2012 Order at 6.) The Court stated that the damages were to compensate Plaintiffs for their losses, to serve "as a stern warning to a party which has shown a clear lack of respect" for the Court, and to discourage Camtek from "further unlawful behavior in the future." (*Id.* at 6-7.) Although "[m]ost contempt sanctions . . . to some extent punish a prior offense as well as coerce an offender's future obedience," *Bagwell*, 512 U.S. at 828, the Court finds that to the extent the doubling of the damages was intended to enforce the Court's authority, rather than to compensate the Plaintiffs, the sanction was criminal, and it appears that Camtek did not receive adequate due process. Consequently, the Court will relieve Camtek from half of the sanctions award – that is, Defendant will be ordered to pay Plaintiffs $645,946 – not $1,291,892.

Camtek argues that even if the sanctions were civil contempt sanctions, it was not given adequate notice and opportunity to be heard because it received no separate hearing on the damages issue. *See Bagwell*, 512 U.S. at 827. Camtek was given the opportunity to be heard on the issue of contempt, but it did not respond to the issues of damages in its briefing and asked the Court not to consider damages at the scheduled hearing. Camtek cites no authority to support its contention that a separate hearing is required for contempt **sanctions**.[3] The Court finds that Camtek was given adequate notice of the reasons why contempt was being considered and the opportunity to prepare a defense and be heard. *See Mackler Productions, Inc. v. Cohen*, 225 F.3d 136, 144 (2d Cir. 2000). A separate hearing on the damages issue was not required.

Finally, Camtek argues that the damages were incorrectly calculated. In effect, Camtek argues that Plaintiffs could not have lost profits because "lost profit damages are meant to restore the profits lost by the patentee as the result of infringement" (Def.'s Mem. in Supp. at 16, Apr. 18, 2012, Docket No. 782), and the Federal Circuit vacated the finding of infringement. Here, however, Plaintiffs lost profits because of Camtek's violation of the injunction. When compensation to the other party is the intent of a contempt sanction, "a fine is imposed, payable to the complainant," and the fine is "based upon evidence of complainant's actual loss." *United States v. United Mine Workers of*

---

[3] Camtek cites *Schleper v. Ford Motor Co., Auto. Div.*, 585 F.2d 1367, 1372 (8th Cir. 1978) to support its argument that it was deprived of the required notice and hearing for contempt sanctions. But in *Schleper*, the notice of the hearing pertained to a motion for dismissal – not a motion for contempt – and counsel limited his remarks at the hearing to the dismissal issue. Accordingly, the court found the notice of **contempt** to be inadequate. *Id.* at 1372. In contrast, Camtek received notice and a hearing on the issue of contempt.

*Am.*, 330 U.S. 258, 304 (1947). Plaintiffs lost profits because Camtek violated the injunction – regardless of whether Camtek was simultaneously infringing their patent – and the fine is intended to compensate Plaintiffs for the effects of Camtek's noncompliance. *See McBride v. Coleman*, 955 F.2d 571, 579 (8th Cir. 1992) ("[A] compensatory sanction . . . serves to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed.") (internal quotation marks and citation omitted).

In sum, the Court finds that the injunction was valid and unambiguous at the time Camtek violated it, and the Court will reaffirm the portion of the March 2012 Order holding Camtek in contempt. The Court will, however, decrease the sanctions imposed from $1,291,892 to $645,946, payable to Plaintiffs. The sanction of $645,946 is intended to compensate Plaintiffs for the profits they lost due to Camtek's violation of the Court's injunction.

### C. Motion with Respect to Willfulness

Camtek also moves for Rule 60 relief from the 2011 Order's finding of willful infringement and the March 2012 Order's denial of its motion to set aside this finding.[4] Rule 60(b)(5) allows a Court to relieve a party from an order or proceeding when "it is

---

[4] In the alternative, Camtek seeks relief under Rule 59(e). "Rule 59(e) . . . motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 714 (8th Cir. 2011) (internal quotation marks and citation omitted). Camtek claims it was a manifest error of law for the Court to decline to set aside the willful infringement finding. The Court refused to set aside the finding because the ruling on the motion was in Camtek's favor. Then, as now, Camtek failed to demonstrate why it had standing to appeal a decision in its favor. There was no error of law in the Court's denial of Camtek's motion to set aside the finding of willful infringement.

based on an earlier judgment that has been reversed or vacated . . . ." Fed. R. Civ. P. 60(b)(5).  Because a finding of willful infringement is necessarily dependent on a finding of infringement, following the Federal Circuit's order vacating the finding of infringement, Camtek argues it cannot be a willful infringer.

The Court concludes that Camtek does not have standing to appeal the March 2012 Order because it was the prevailing party.  *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.")  But, "[i]n an appropriate case, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Art. III." *Id.* at 334.  To meet the standing requirements of Article III, the party must demonstrate, among other requirements, that is has suffered (1) an "'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not 'conjectural' or 'hypothetical' . . . ." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).  Camtek has not shown a concrete and particularized or imminent injury resulting from the willful infringement finding.[5] Camtek presented no evidence that it has suffered reputational damage as the result of the

---

[5] Additionally, "[a] party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree." *Bierle v. Liberty Mut. Ins. Co.*, 992 F.2d 873, 876 (8th Cir. 1993) (quoting *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242 (1939)).  The March 2012 Order denied Plaintiffs' motion for enhanced damages **even though** it found Camtek was a willful infringer – that is, the finding that Camtek was a willful infringer was not necessary to support the Order's **denial** of enhanced damages.

finding,[6] nor can the Court discern any effect the finding would have on the ongoing proceedings. The Court will, therefore, deny Camtek's motion for relief on this ground because it finds Camtek lacks standing to bring the motion.

## II.     OBJECTION TO ORDER GRANTING ATTORNEYS' FEES AND COSTS

Camtek's only objection to the May 2012 Order granting attorneys' fees and costs was that the award should not go forward when it had challenged the underlying contempt holding. Because this objection is now moot, it will be overruled, and the Order will be affirmed.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Camtek Ltd's Rule 60 Motion for Relief from Contempt Order and Sanctions Award [Docket No. 780] is **GRANTED in part** and **DENIED in part**, as follows:

    a.  The motion is **GRANTED in part** with respect to sanctions. Camtek, Ltd. is relieved of the previous order [Docket #764] to pay double damages and. is ordered to pay Plaintiffs $645,946 in lost profits, as a sanction for contempt.

---

[6] Rank speculation that a finding of willful infringement in an otherwise favorable holding might cause damage to Camtek's business reputation is insufficient to show injury. *Roper*, 445 U.S. at 351 ("[U]nadorned speculation will not suffice to invoke the federal judicial power.") (quotation marks and citation omitted).

      b.      The motion is **DENIED** in all other respects.

2.      Camtek Ltd's Rule 60 and Rule 59 Motion for Relief from Order Relating to Willfulness [Docket No. 790] is **DENIED**.

3.      Camtek Ltd.'s Objections to the Magistrate Judge's Award of Fees and Costs [Docket No. 797] are **OVERRULED as moot**, and the Court **AFFIRMS** the Magistrate Judge's May 1, 2012 Order [Docket No. 795.].

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 17, 2012  
at Minneapolis, Minnesota.

                                                                                 _____s/ John R. Tunheim_____  
                                                                                     JOHN R. TUNHEIM  
                                                                      United States District Judge