UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rudolph Technologies, Inc., a Delaware corporation, | Case No.: 05-CV-01396 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| Camtek Ltd., a foreign corporation, | |
| Defendant. | |

**PLAINTIFF RUDOLPH TECHNOLOGIES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXECUTE ON SUPERSEDEAS BOND**

Pursuant to Federal Rule of Civil Procedure 65.1, Plaintiff Rudolph Technologies, Inc. ("Rudolph") moves to execute on supersedeas bond no. 09185259 from surety Zurich American Insurance Company ("Zurich"). Judgment against principal Camtek Ltd. ("Camtek") is final, Rudolph is entitled to be compensated, in full, for Camtek's infringement, but Camtek has not paid.[1]

**I.   Judgment against Camtek is final, and the deadline to petition for a panel rehearing or *en banc* hearing has passed.**

On February 10, 2015, the United States District Court for the District of Minnesota entered a judgment against Camtek in the amount of $7,428,436.00 and

---

[1] This lawsuit was initially filed on behalf of Plaintiffs Rudolph and August Technology Corporation. In February 2006, Rudolph acquired August Technology Corporation. Pursuant to that acquisition, and consistent with the Order Approving Supersedeas Appeal Bond dated March 5, 2015 (Dkt. 1027), Rudolph is now the sole and proper party to collect on the judgment entered against Camtek.

1

prejudgment interest in the amount of $7,083,863.18.  (Dkt. No. 1011.)  Camtek appealed the judgment to the Court of Appeals for the Federal Circuit and, to stay execution of that judgment, filed a supersedeas bond under Federal Rule of Civil Procedure 62(d).  (Declaration of Thomas R. Johnson ("Johnson Decl.") Ex. A.)  That supersedeas bond was approved, and enforcement of the judgment stayed pending conclusion of Camtek's appeal.  (Dkt. No. 1027.)

On February 3, 2016, two days after oral argument, the Court of Appeals for the Federal Circuit affirmed the verdict against Camtek and entered judgment the same day.  (Dkt. No. 71-1 in Appeal No. 2015-1434.)  Judgment against Camtek is now final, and the deadline for Camtek to petition for a panel rehearing or an *en banc* hearing has passed.[2]  No appeals are currently pending.  Despite the finality of the judgment and Rudolph's request to Camtek to remit payment by March 7, 2016 and subsequent requests for full payment, Camtek has failed to do so.  Rudolph now seeks to execute on supersedeas bond no. 09185259.

## II. Pursuant to Rule 65.1 Rudolph is permitted to enforce Zurich's liability and execute on supersedeas bond no. 09185259.

Rule 65.1 permits a party to enforce a surety's liability on a supersedeas bond through use of a summary procedure or via an independent action.  Fed. R. Civ. P. 65.1.  The summary procedure allows judgment creditors to "collect on the supersedeas bond by merely filing a motion."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 312 (1995).  To

---

[2] Pursuant to Federal Circuit Rule 40, Camtek had 30 days after entry of judgment to petition for a panel rehearing or *en banc* hearing.  Judgment was entered on February 3, 2016, making the deadline to petition March 4, 2016.

collect on the supersedeas bond, Rudolph must establish (1) the supersedeas bond consists of sureties as contemplated under Rule 65.1; and (2) the Federal Circuit has entered final judgment in Rudolph's favor and issued its mandate. *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846, 2015 U.S. Dist. LEXIS 165913, at *46 (N.D. Cal. Dec. 9, 2015). Here, both conditions have been met.

A supersedeas bond provided pursuant to Rule 62(d) falls under the ambit of Rule 65.1. *Id*. at *46. The language of supersedeas bond no. 09185259 itself and of Camtek's Motion to Approve Bond and to Stay Enforcement of Judgment make clear that the bond was provided pursuant to Rule 62(d). The bond states:

> The Court has ordered a stay of execution of or any proceedings to enforce the judgment rendered in this action pending the disposition of the appeal of Camtek Ltd. from the judgment for Rudolph Technologies, Inc., provided that Camtek Ltd. give a bond in the maximum aggregate sum of $15,000,000.00, conditioned for the satisfaction of the judgment in full with interest, costs and damages for delay, if the judgment is finally sustained.

(Johnson Decl. Ex. A.) And Camtek's motion explicitly requested Court approval of the bond pursuant to Rule 62(d). (Dkt. No. 1024 ("Camtek requests this court approve a security in the amount of $15,000,000.00 . . . pursuant to Federal Rule of Civil Procedure 62(d).").) As such, the supersedeas bond consists of sureties as contemplated under Rule 65.1. Second, the Federal Circuit affirmed this Court's judgment against Camtek and entered final judgment on February 3, 2016. (Dkt. No. 71-1 in Appeal No. 2015-1434.) The Federal Circuit's Mandate issued on March 11, 2016. (Dkt. No. 74 in Appeal No. 2015-1434.)

Zurich is liable to Rudolph pursuant the attached supersedeas bond, (Johnson Decl. Ex. A), and Rudolph seeks an Order from the Court enforcing that bond and ordering Zurich to pay Rudolph $14,631,052.43 in satisfaction of the full judgment owed. This figure includes the following:

- The Court's $7,428,436.00 damages award, including the Court's supplemental award (Dkt. No. 1011);

- The Court's prejudgment interest award of $7,083,863.18 (*id.*);

- The Court's award of $84,443.90 for costs (Dkt. No. 1053);

- $33,488.79 in post-judgment interest earned on the above sums through March 14, 2016; and

- The Federal Circuit's award of $820.56 for costs (Dkt. No. 74 in Appeal No. 2015-1434).

After March 14, 2016, post-judgment interest accrues at a combined rate (on the judgment and this Court's award of costs) of $83.99/day. (Third Supplemental Declaration of Frances M. McCloskey at ¶ 5 *and* Exs. 1-2 thereto.)  For each day after March 14, 2016, during which the outstanding judgment is not fulfilled, Rudolph requests that $83.99 be added to the $14,631,052.43 total owed.

For the foregoing reasons, Rudolph respectfully requests the Court enforce Zurich's liability as a surety and order it to remit payment of $14,631,052.43 to Rudolph pursuant to Rule 65.1.

                                          **Rudolph Technologies, Inc.**

                                          By its Attorneys,

Dated: March 14, 2016          <u>s/ Daniel W. McDonald</u>
                                          Daniel W. McDonald (MN #168580)
                                          William D. Schultz (MN #0323482)
                                          Thomas R. Johnson (MN #0242032)
                                          Joseph E. Lee (MN #329071)
                                          Rachel C. Hughey (MN #328042)
                                          **MERCHANT & GOULD P.C.**
                                          3200 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, MN 55402
                                          Telephone: (612) 332-5300
                                          Facsimile: (612) 332-9081