UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rudolph Technologies, Inc.,                          Civil No. 05-1396 (JRT/FLN)

              Plaintiff,

     v.                                            **REPORT AND**
                                                     **RECOMMENDATION**

Camtek Ltd.,

              Defendant.

———————————————————————

Daniel McDonald and Paige Stradley for Plaintiff.
William Mohrman for Defendant.

———————————————————————

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 15, 2016 on Plaintiff Rudolph Technologies, Inc.'s motion to enforce Supersedeas Bond No. 09185259 (ECF No. 1081). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 1093. For the reasons set forth below, the Court recommends that Plaintiff's motion be **GRANTED**.

## I. FINDINGS OF FACT

Rudolph Technologies, Inc. and August Technology Corp. (collectively, "Rudolph") brought this patent infringement action against Defendant Camtek Ltd. ("Camtek") in 2005, alleging infringement of U.S. Patent No. 6,826,298 (the "'6,298 patent"). *See* Compl., ECF No. 1; Amend. Compl., ECF No. 103. In 2009, a jury determined that Camtek had infringed claims 1 and 3 of the '6,298 patent, and the Court entered judgment and a permanent injunction in favor of Rudolph on August 28, 2009. *See* Order, ECF No. 547; Judgment, ECF No. 548. In 2011, however, the Federal Circuit determined that the Court erred in its claim construction. *See August Tech. Corp. v. Camtek, Ltd.*, 655 F.3d 1278, 1281 (Fed. Cir. 2011). Consequently, the Federal Circuit vacated the Court's

decision and remanded the case for further proceedings. *Id*. In March 2014, the Court entered summary judgment in favor of Rudolph on the issue of infringement. *See* Mem. Op. & Order, ECF No. 964. The Court entered a new final judgment and permanent injunction on February 10, 2015, awarding Rudolph damages in the amount of $7,428,436.00 (reflecting the original jury award and supplemental damages award) and prejudgment interest in the amount of $7,083,863.18. *See* Judgment, ECF No. 1011; *see also* Order, ECF No. 707. Camtek again appealed the judgment to the the Federal Circuit and filed Supersedeas Bond No. 09185259 ("the bond"), pursuant to Federal Rule of Civil Procedure 62(d), in order to stay execution of the judgment. Johnson Decl. Ex. A., ECF No. 1083. Zurich American Insurance Company is jointly and severally liable as surety on the bond. *Id.* On February 3, 2016 the Federal Circuit affirmed the verdict against Camtek and entered judgment. *Rudolph Techs., Inc. v. Camtek, Ltd.*, 632 F. App'x 620 (Fed. Cir. 2016). Despite the finality of the judgment and Rudolph's repeated requests to Camtek, Camtek has failed to remit any payment it owes to Rudolph. Camtek claims that because the Israel Tax Authority ("ITA") has issued a ruling that $2.3 million must be withheld as taxes from the total funds Camtek has sought to wire from its Israeli bank account to Rudolph, there is a dispute between the parties over liability which has prevented Camtek from making any payments. *See generally* Opp'n Mem., ECF No. 1087; Eisbenberg Decl. Ex. B, ECF No. 1088.

Rudolph now seeks to enforce the bond pursuant to Federal Rule of Civil Procedure 65.1. Mot. for Bond, ECF No. 1081. Camtek does not dispute the finality of the judgment, the amount due, or that it has failed to make any payments to date. Indeed, counsel for Camtek admitted at the hearing that it could have made payment for the amount other than the funds in dispute and sought relief pursuant to Federal Rule of Civil Procedure 60 to modify the language of the bond, but instead

Camtek has failed to make any payment whatsoever.

## II. CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 65.1 states:

Whenever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action. The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Fed. R. Civ. P. 65.1. Under Federal Rule of Civil Procedure 62(d), "an appellant may obtain a stay of the money judgment during the pendency of the appeal . . . posting an adequate supersedeas bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988). A supersedeas bond posted with one or more sureties to stay a case pursuant to Rule 62(d), is the kind of bond contemplated by Federal Rule of Civil Procedure 65.1. Fed. R. Civ. P. 65.1.

The bond in this case states clearly:

We, Camtek Ltd., as principal, and Zurich American Insurance Company, as surety, are held and firmly bound unto Rudolph Technologies, Inc. in the maximum aggregate sum of $15,000,000.00, to be paid to Rudolph Technologies, Inc., its successors, executors, administrators and assigns; to which payment, to be made, we bind ourselves, our heirs, executors, and administrators, jointly and severally by this document.

The Court has ordered a stay of execution of or any proceedings to enforce the judgment rendered in this action pending the disposition of the appeal of Camtek Ltd. from the judgment for Rudolph Technologies, Inc., provided that Camtek Ltd. give a bond in the maximum aggregate sum of $15,000,000.00, conditioned for the satisfaction of the judgment in full with interest, costs and damages for delay, if the judgment is finally sustained.

Ex. A., ECF No. 1083. Additionally, in its original motion to the Court requesting a stay, Camtek stated that it would post the bond "pursuant to Federal Rule of Civil Procedure 62(d)." Unopposed

Mot. to Approve Bond and to Stay J. 2, ECF No. 1024. There is no question that the bond in the present action is the kind contemplated by Rule 65.1.

There is also no dispute that "judgment is finally sustained" in this case and that Camtek has not made any payments owed to Rudolph to satisfy the judgment. ECF No. 1083, Ex. A. While Camtek asserts that the ITA's ruling on March 20, 2016 that a portion of the funds are subject to tax withholding has created a dispute between the parties regarding tax liability, this is immaterial to our analysis. Judgement is final and Camtek has not yet made any payments on a surety bond that is contemplated by Rule 65.1. Rudolph, therefore, may enforce the surety bond.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to enforce Supersedeas Bond No. 09185259 (ECF No. 1081) be **GRANTED**. Camtek must pay Rudolph the amount owed to it, including interest accruing.

DATED: June 24, 2016                          _s/Franklin L. Noel_____
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 11, 2016**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and

Recommendation, the party making the objections shall timely order and cause to be filed by **July 11, 2016** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.